## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **COREY J. DAVIS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Civil Action No. 5:07-0960 |
| ) | |
| **T.R. CRAIG, Warden,** ) | |
| **FCI Beckley,** ) | |
| ) | |
| **Respondent.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On December 26, 2007, Petitioner, acting *pro se* and incarcerated at FCI Beckley, filed an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) For the reasons set forth below, the undersigned respectfully recommends that Petitioner's Application be construed as a Motion under 28 U.S.C. § 2255 and as such dismissed as filed beyond the one year period of limitations specified at 28 U.S.C. § 2255(f).

### FACT AND PROCEDURE

Petitioner was charged by Indictment filed on March 12, 2003, in the United States District Court for the Eastern District of North Carolina with one count of "Possession of a firearm by a convicted felon" in violation of 18 U.S.C. § 922(g)(1) (Count One), and one count of "Possession

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

of a firearm with obliterated serial number" in violation of 18 U.S.C. § 922(k) (Count Two). <u>United States v. Davis</u>, Criminal No. 5:03-00060 (E.D.N.C. Feb. 26, 2004), Document No. 1. On September 24, 2003, Petitioner pled guilty to Count One of the Indictment. <u>Id.</u>, Document No. 11. Petitioner was sentenced on February 26, 2004, to a 120 month term of imprisonment and a five year term of supervised release. <u>Id.</u>, Document No. 15. Petitioner did not appeal his sentence or conviction.

Petitioner filed the instant Petition on December 26, 2007. (Document No. 1.) As grounds for *habeas* relief, Petitioner alleges "breach on the part of the United States, adversely affecting his detention, for which a Motion under Title 28 U.S.C. Section 2255 would be 'inadequate or ineffective' to test the legality of his detention." (<u>Id.</u>, p. 1.) Specifically, Petitioner alleges that the United States breached the plea agreement by failing "to make known to the Court at sentencing the full extent of the defendant's cooperation under the terms of the plea agreement, where the Government failed to make known Petitioner's cooperation and assistance in the investigation of Roderick Ragland and Theron Ragland."[2] (<u>Id.</u>, pp. 8 - 9.) Petitioner alleges that he provided information concerning five individuals, but the United States advised the Court of only three individuals. Petitioner acknowledges that the United States filed a Motion for Downward Departure stating as follows:

> 2. The defendant gave detailed information regarding three known dealers in the Oxford, North Carolina area.
>
> 3. The defendant's information was deemed to be truthful; and based, in part, on the defendant's cooperation, the three drug dealers were indicted by the federal grand jury.

(Document 1, p. 7, and Document No. 1-4.) Therefore, Petitioner argues as follows:

> The United States violated the specific terms stated under item "e" of paragraph 4 of

---

[2] Paragraph "e" of the written plea agreement provides as follows: "That it will make known to the Court at sentencing the full extent of the Defendant's cooperation, but the Government is not promising to move for departure pursuant to U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35." (Document No. 1-2, p. 6.)

      the plea agreement. This breach could have been mentioned to the sentencing court on the day of sentencing. However, to prevent Petitioner from making a formal timely objection to the breach when it occurred, the United States, acting by and through its attorney, Felice McConnell Corpening, proposed a new, oral contractual agreement embodying the following understanding and agreement between the parties, that: the United States would move to have Petitioner brought back to court for the purpose of moving the court to give Petitioner credit for his substantial assistance in the investigation and prosecution of Roderick Ragland and Theron Ragland. The United States has failed to keep that promise.[3]

(Document No. 1, p. 15.) Petitioner requests the following relief: (1) "this Court to issue an order for an evidentiary hearing to inquire into the complained of breach of the contractual agreement;" (2) "Alternatively, Petitioner respectfully requests the Court to issue a declaratory judgment finding that the oral promise made by the Government constituted an 'impediment' within the meaning of 28 U.S.C. Section 2255's paragraph 6(2), and to fashion an order that removes the impediment allowing Petitioner to pursue his rights in the sentencing court without the Government asserting a time-bar under Section 2255;" and (3) "As a second alternative, and probably more viable option, Petitioner respectfully requests this Court to transfer this case pursuant to 28 U.S.C. Section 1404." (Id., pp. 21 - 22.)

## DISCUSSION

      Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The fact that relief under Section 2255 is

---

    [3] Although Petitioner is alleging that he entered into both a written and oral contract, Petitioner's written plea agreement provides that "[t]his Memorandum constitutes the full and complete record of the Plea Agreement. There are no other agreements between the parties in addition to or different from the terms herein." (Document No. 1-2, p. 1.)

barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 Motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333 - 334. Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective" as discussed above, issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255

motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

The undersigned finds that Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence imposed by the Eastern District of North Carolina. Specifically, Petitioner alleges that his conviction and sentence is invalid because the United States breached the plea agreement. (Document No. 1.) Therefore, in view of the nature of the claims, the Application in this case must be considered as a Motion to Vacate, Set Aside or Correct his sentence under Section 2255.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Considering Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of North Carolina. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's Application in this case should be dismissed because his Application construed as a Section 2255 Motion is untimely[4] under

---

[4] Petitioner was sentenced on February 26, 2004, and his sentence became final ten days later when he did not file a Notice of Appeal (March 8, 2004). On December 26, 2007, approximately one year and ten months after the one year period expired, Petitioner filed the instant Petition raising issues challenging his sentence and conviction in Criminal No. 5:03-00060. Petitioner's Petition is therefore clearly untimely.

the one year limitation period of Section 2255(f).[5]

Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner alleges Section 2255 is inadequate or ineffective because it "provides for a one year limitation for the filing of a motion under that section." (Document No. 1, p. 10.) Section 2255, however, is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Additionally, the undersigned notes that Petitioner does not allege an intervening change in law that establishes his actual innocence. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Application and his Section 2241 Petition should be dismissed.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**,

---

[5] Petitioner states that even though he provided information concerning the Ralgands, he did not receive credit for his assistance at sentencing because the Ralgands had not been arrested. Petitioner alleges that "Roderick Ralgand was arrested sometime after my sentencing in 2004" and Theron Ragland was arrested sometime in 2005, around April." Petitioner argues that his sentence should have been reduced following the Ralgands' arrest because the arrests were based upon Petitioner's cooperation and information. Therefore, Petitioner appears to be alleging that the statute of limitations should have been tolled until April, 2005. Even assuming that the statute of limitations could be tolled on the above grounds, Petitioner failed to file his Section 2255 Motion within one year after the Ralgands' arrest.

and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: April 22, 2009.

R. Clarke VanDervort
United States Magistrate Judge