IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

COREY J. DAVIS,

        Petitioner,

v.                                           CIVIL ACTION NO. 5:07-cv-00960

T. R. CRAIG, Warden,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus [Docket 1]. By Standing Order entered on August 1, 2006, and filed in this case on December 26, 2007, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R). On April 22, 2009, Magistrate Judge VanDervort filed his PF&R [Docket 10], recommending that the Court dismiss the petition and remove the matter from the Court's docket.

*I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

The full factual background and procedural history is set forth in the PF&R. Relevant to this Court's consideration, on September 24, 2003, Petitioner pled guilty via plea agreement in the United States District Court for the Eastern District of North Carolina to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On February 26, 2004, he was sentenced on that count to 120 months imprisonment followed by a five-year term of supervised release. He did not appeal his conviction or sentence.

Petitioner filed the instant Petition for Writ of Habeas Corpus [Docket 1] on December 26, 2007, alleging that the Government breached the plea agreement by failing to "make known to the Court at sentencing the full extent of [Petitioner's] cooperation under the terms of the plea agreement . . . in the investigation of Roderick Ragland and Theron Ragland." (Docket 1 at 8–9.) Petitioner alleges that he provided information to the Government regarding five individuals, including Roderick and Theron Ragland, but that the Government advised the Court of only three of the individuals in its motion for a downward departure. He further alleges that, although he could have raised the issue at sentencing, the Assistant United States Attorney assigned to the case advised him that the Government would later file a motion for substantial assistance after sentencing. Thus, in his petition, Petitioner seeks the benefit of this alleged bargain.

In the PF&R, the magistrate judge found that because the petition challenges the validity of Petitioner's conviction and sentence, it must be construed as a Motion to Vacate, Set Aside or Correct his sentence under 28 U.S.C. § 2255. As the magistrate judge correctly pointed out, although motions brought under § 2255 should be brought in the court wherein the defendant was sentenced—here, the Eastern District of North Carolina—transferring this case would be futile because Petitioner's motion was filed after the one-year limitation period imposed by § 2255(f). Further, the magistrate judge found that Petitioner failed to demonstrate that § 2255 was inadequate or ineffective such that Petitioner was entitled to seek relief under § 2241. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.").

## *II. STANDARD OF REVIEW*

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections to the PF&R were due in this case by May 8, 2009, and Petitioner timely filed his Objections [Docket 11] on May 6, 2009. Accordingly, the Court will review de novo those portions of the PF&R to which those objections are addressed.

## *III. ANALYSIS*

Petitioner's sole objection is to the magistrate judge's finding that he failed to demonstrate that § 2255 was inadequate or ineffective to challenge the validity of his conviction or sentence. (*See* Docket 11 at 4.) Specifically, Petitioner contends that "the net effect of such a ruling would be that the United States will be able to make promises to criminal defendants to get their cooperation and then abandon such promises by waiting until the one year for filing a Section 2255 Motion has run." (*Id.*) To the contrary, it is well-established that a failure to comply with the procedural requirements of § 2255 do not render a motion under that section inadequate or ineffective. *See In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to

3

obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion.") (citations omitted). Petitioner does not assert, and the Court cannot find, any other basis for holding that § 2255 is inadequate or ineffective in this case. Thus, the magistrate judge correctly construed the petition as one brought under § 2255 and subject to the one-year statute of limitations.

Moreover, Petitioner's argument that the Government could shirk its responsibility to move for a Rule 35 reduction by waiting until the one-year deadline has passed is off-base. Petitioner seems to suggest that it may be impossible for a prisoner who does not appeal his conviction or sentence to file a timely § 2255 motion based on the failure of the Government to file a Rule 35 motion because the relevant limitations periods run almost concurrently for one year from the time of sentencing.[1] However, the text of § 2255 suggests otherwise. The one-year statute of limitations provided by § 2255 begins to run on the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] The applicable periods generally run concurrently; however, they are not identical. The Rule 35 limitation period begins to run from the date of sentencing, *see* Fed. R. Crim. P. 35(b)(1), while the § 2255 limitation period begins to run on the date the conviction becomes final, in this case when the ten-day time for appeal expired. *See* 28 U.S.C. § 2255(f)(1). Thus, there would be a window of approximately ten days during which a timely § 2255 motion could be filed.

28 U.S.C. § 2255(f). In this case, Petitioner's conviction became final on March 8, 2004, when the ten-day period for appeal expired. Starting on February 26, 2004, the Government had one year to move for a reduction in sentence under Rule 35. Fed. R. Crim. P. 35(b)(1) ("Upon the government's motion made *within one year of sentencing*, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.") (emphasis added).[2] Thus, at the latest, the facts supporting Petitioner's claim could have been discovered by February 26, 2005, when the deadline passed for the Government to make a Rule 35 motion. Given this time frame, § 2255's one-year limitations period expired on February 26, 2006. Petitioner did not file his petition, however, until December 26, 2007—twenty-one months after the deadline. Accordingly, even given the benefit of the doubt as to the latest possible date, Petitioner's filing was untimely.

---

[2] In some circumstances, the Government may make a Rule 35 motion past the one-year deadline, such as when a defendant's assistance involved:

> (A) information not known to the defendant until one year or more after sentencing;
>
> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>
> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b)(2). However, there is no evidence that any of these scenarios are applicable here.

## IV. CONCLUSION

Based on the foregoing analysis, Petitioner's Objections [Docket 11] are **OVERRULED**. The Court therefore **ADOPTS** the PF&R [Docket 10], **DISMISSES** the Petition for Writ of Habeas Corpus [Docket 1], and **DIRECTS** the Clerk to remove the matter from the docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 2, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE